## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BUU HO NGUYEN and LIEN NGUYEN,

    Plaintiffs,

        v.

GWINNETT COUNTY, GEORGIA;
DEKALB COUNTY, GEORGIA; HUYEN
NGUYEN *also known as Courtney Nguyen*;
VIVIAN NGUYEN; TUWANDA RUSH-
WILLIAMS; CURRENT OR FORMER
OFFICERS OF GWINNETT AND DEKALB
*sued in their official and individual* capacities;
and JOHN DOES 1-10,

    Defendants.

Civil Action No.
1:23-cv-03800-SDG

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' motion for extension of time to effect service and to join additional defendants, and Defendants Huyen Nguyen and Vivian Nguyen's motion to dismiss. Although the Court has significant reservations about the plausibility of many of Plaintiffs' allegations, their motion for extension of time [ECF 6] is **GRANTED**. Accordingly, the Defendant Nguyens' motion to dismiss [ECF 7] is **DENIED without prejudice**. They may renew their motion after Plaintiffs have filed their amended complaint.

I.      **Background**

The relevant facts gleaned from Plaintiffs' pleading are as follows. Plaintiffs are suing Gwinnett County, DeKalb County, Huyen Nguyen (Huyen), Vivian

1

Nguyen (Vivian), Tuwanda Rush-Williams, and unnamed Gwinnett and DeKalb police officers (in both their official and individual capacities). This is Plaintiffs' renewal action, brought after having dismissed their 2018 DeKalb County Superior Court case.[1] Plaintiffs are the parents of Anh Thy Ho (Anh) and grandparents of his son, Phillip Ho (Ho), both deceased.[2] Huyen dated Anh and was Ho's mother.[3] They lived together, along with Huyen's daughter Vivian, in Buford, Georgia (the Home).[4]

### A.    The Standoff

On the evening of January 5, 2016, after an argument between Huyen and Anh, Vivian called to report a domestic disturbance at the Home.[5] When police arrived, they apparently treated the circumstances as a hostage situation, with Anh being the purported hostage-taker. The next morning, Anh and Ho were dead—after a 19-hour standoff with DeKalb County and Gwinnett County police.[6] What happened in between is in dispute. Plaintiffs allege that Anh and Ho were (1) shot by the officers who ultimately entered the Home after breaching the back

---

[1]    ECF 1, at 1–2.

[2]    *Id.* ¶¶ 3–4.

[3]    *Id.* ¶¶ 26, 33.

[4]    *Id.* ¶¶ 29, 31.

[5]    *Id.* ¶¶ 52–55.

[6]    *See generally id.* ¶¶ 52–89.

wall with a bomb and (2) possibly injured by shrapnel from the bomb-blast.[7] Official records and public reporting give conflicting details of the relevant events, with some reports suggesting that Anh shot Ho and then himself.[8]

Plaintiffs allege that DeKalb and Gwinnett, along with the other Defendants, concealed information about what happened to cover up their own misconduct.[9] Plaintiffs plead that Anh was the target of a "racially motivated" program (the 287 Program) employed by Gwinnett County to illegally deport people.[10] The DeKalb and Gwinnett officers involved in the standoff purportedly "sought to lure" Anh outside of the Home "to kill, or illegally detain and deport him" under that program.[11] Plaintiffs do not explain why Anh was supposedly a target. And somewhat contradictorily, they also allege that Huyen "requested" Anh's death, and that she and Vivian "incited and engineered" these events to "isolate, confine and kill" Anh and Ho.[12] All Defendants are alleged to have

> conspired to deliberately, wrongfully and unlawfully
> detain, arrest and kill Anh Thy and Phillip [Ho], swatting

---

[7]  *Id.* ¶¶ 80–91, 107–12, 115–16.

[8]  *Id.* ¶¶ 89–102.

[9]  *See, e.g., id.* ¶¶ 92, 100–04.

[10]  *Id.* ¶¶ 16–20, 68, 70, 119–20.

[11]  *Id.* ¶ 68.

[12]  *Id.* ¶¶ 69, 129.

them, or detaining them to deport Anh Thy under the 287
Program so that Huyen could retain custody of Phillip.[13]

### B.      Open Records Requests and Plaintiffs' Counsel's SSN

Shortly after Anh's and Ho's deaths, Plaintiffs made open records requests to Gwinnett for materials about these events. Gwinnett did not respond, leading Plaintiffs to file suit in Gwinnett County Superior Court. That case was ultimately settled, with Gwinnett (through Defendant Tuwanda Rush-Williams, Senior Assistant County Attorney) agreeing to produce all relevant records. Plaintiffs allege that, after they had dismissed the state-court case, they learned that certain records had been deliberately omitted from the production.[14] Further, Gwinnett allegedly conceded that it omitted such records when Rush-Williams failed to respond to an email from Plaintiffs' counsel (sent while Rush-Williams was on medical leave).[15] Years later, in connection with a different open records request by Plaintiffs' investigator, Gwinnett stated that certain responsive records were exempted from inspection.[16]

Plaintiffs now allege, on information and belief, that Rush-Williams "illegally obstructed production" of the records "to conceal the misconduct of the

---

[13]   *Id.* ¶ 168. *See also id.* ¶ 171.

[14]   *Id.* ¶¶ 132–56.

[15]   *Id.* ¶ 143.

[16]   *Id.* ¶ 154.

other Defendants."[17] Moreover, Gwinnett and DeKalb allegedly withheld records to prevent any investigation into the standoff and Anh's and Ho's deaths.[18] Not only did these failures to produce the requested records purportedly violate the settlement agreement, but so did Gwinnett's seemingly unconnected (and apparently inadvertent) failure to redact Plaintiffs' counsel's social security number in court filings in the 2018 state-court case.[19]

### C.      Anh's Property

Plaintiffs allege that, after Anh died, his property legally belonged to them. Rather than turning those things over, Gwinnett and the Doe Defendants retained certain of Anh's personal belongings (such as his cell phone). Other property of Anh's that had remained at the Home (such as the "Jaguar coupe" he "proudly drove") was supposedly retained and converted by Huyen and Vivian.[20]

### D.      Plaintiffs' Causes of Action

Count I asserts a § 1983 claim against Gwinnett, DeKalb, and the Doe Defendants based on the alleged deprivation of Anh's and Ho's civil rights through the use of deadly force during the standoff. Count II asserts a state-law claim against Huyen and Vivian for negligence, wrongful death, and false

---

[17]   *Id.* ¶ 164.

[18]   *Id.* ¶ 170.

[19]   *Id.* ¶¶ 232–40.

[20]   *Id.* ¶ 45, Count III.

swearing based on their alleged conduct before and after the standoff. Count III is a conversion claim against Huyen, Vivian, Gwinnett, and the Doe Defendants based on their retention of Anh's property after his death. Count IV asserts a claim against the named Defendants for violations of the Georgia Open Records Act. Count V is a breach of contract claim against Gwinnett based on its alleged violation of the open-records-litigation settlement agreement. The count also contains independent claims based on the disclosure of Plaintiffs' counsel's social security number. Finally, Count VI asserts a cause of action related to Defendants' alleged conspiracy to kill Anh and Ho and cover it up.

## II.    Applicable Law

Plaintiffs seek leave to amend their complaint to identify the Doe Defendants and to serve all Defendants. [21] Under Federal Rule of Civil Procedure 4, a court should dismiss an action without prejudice or order that service be made within a specific time when service has not been effected within 90 days after the

---

[21]    ECF 6.

Despite the issuance of summonses for the named Defendants [ECF 2], Plaintiffs have yet to serve them. But, because no Defendant has been served and the motion to dismiss by Huyen and Vivian wasn't filed until later, Plaintiffs did not, strictly speaking, need the Court's leave to amend their pleading. Fed. R. Civ. P. 15(a). Court leave is, however, necessary for Plaintiffs to add Defendants, Fed. R. Civ. P. 21, and to effect service of process out-of-time, Fed. R. Civ. P. 4(m). Since Plaintiffs have moved under Rules 4 and 15 [ECF 6], the Court considers their arguments under those rules.

complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve, the court "**must** extend the time for service for an appropriate period." *Id.* (emphasis added). Similarly, a court should freely give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Leave may, however, be denied when "there is [a] substantial ground for doing so," like undue delay, bad faith, undue prejudice to the defendant, or the futility of an amendment. *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). Whether to grant leave is committed to the sound discretion of the trial court. *S. Grouts & Mortars., Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009).

## III.    Discussion

### A.    Leave to Amend

Plaintiffs propose to amend the complaint to identify the Gwinnett and DeKalb officers originally named as John Does. Fictitious-party pleading is not generally permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). Plaintiffs' amendment would, presumably, cure that defect. Plaintiffs assert that they are now able to identify the Doe Defendants based on materials provided to them by Gwinnett in 2023. There is nothing in the record suggesting that Plaintiffs unduly delayed in trying to name these individuals or that Plaintiffs are acting in bad faith. Nor would there be any appreciable prejudice

to those individuals by allowing the amendment as they will still be able to raise any appropriate defenses. *See* Fed. R. Civ. P. 12.

But Plaintiffs did not file a proposed amended pleading with their motion. It is thus unclear whether they intend to add new factual allegations and causes of action in addition to identifying the Does. And that poses a problem: The Court has no way to assess whether new claims and allegations would be futile. *Reese*, 527 F.3d at 1263 (indicating that leave to amend may be denied when a proposed amendment is futile). This issue might be less concerning if there weren't already significant problems with the existing complaint.

To start, the pleading is full of immaterial and scandalous allegations, particularly as to Huyen, that have no place in this lawsuit.[22] Fed. R. Civ. P. 12(f)(1) (permitting a court to sua sponte strike "any redundant, immaterial, impertinent, or scandalous matter"). On repleading, **Plaintiffs are ORDERED to remove all such material from the amended complaint and to omit any further scandalous material from the amendment**.

Substantively, Plaintiffs are proceeding in their individual capacities.[23] But certain of their claims—such as damages for the injuries Anh and Ho suffered, and for Huyen and Vivian's purported false swearing—would require Plaintiffs to act

---

[22]  *See, e.g.*, ECF 1, ¶¶ 10–17, 19–21, 25–28, 31–32, 35–47, 71, 123–25.

[23]  ECF 1, ¶¶ 3–4.

in a representative capacity. The complaint contains no factual or legal basis to support Plaintiffs' right to pursue any claims on behalf of Ho, especially since his mother (Huyen) is alive.[24] *See* O.C.G.A. § 19-7-1(c)(2) (providing that the right of recovery for the homicide of a child lies with the child's parents or surviving parent). Even if Plaintiffs have standing to bring suit on behalf of Anh, that does not necessarily mean they were entitled to inherit his personalty.[25]

The pleading also lacks facts that plausibly tie the 287 Program to Anh's and Ho's deaths[26] or that provide a basis for suing Rush-Williams in her individual

---

[24] Plaintiffs' citation to *Brown v. Liberty Oil & Refining Corp.*, is unhelpful. ECF 1, ¶ 4. That case involved a Georgia statute permitting children to sue for the value of the life of their parent when there is no surviving spouse. The decedent's minor children argued that equity permitted them to sue even though there was a surviving spouse because he had abandoned them and could not be located. 261 Ga. 214 (1991). *Brown* says nothing about a person having the right to sue for their deceased grandchild with a living parent.

[25] For instance, Anh might have had a will designating who would inherit his personal property. *See, e.g.*, O.C.G.A. § 53-4-1 ("A testator, by will, may make any disposition of property that is not inconsistent with the laws or contrary to the public policy of the state."). If Anh died intestate (there is no allegation either way), and he predeceased Ho (which is entirely plausible given Plaintiffs' theory of the case), Ho might have inherited Anh's property, O.C.G.A. § 53-2-1(c)(3), which might then have gone to Huyen on Ho's death, *id.* § 53-2-1(c)(4), (6) (stating that parents of a decedent are heirs in the second degree and grandparents are heirs in the fourth degree). Such speculative musings are exactly the problem—the complaint does not provide a factual basis to support Plaintiffs' standing to bring certain of their claims.

[26] This is particularly true given Plaintiffs' contradictory allegations that Huyen's and Vivian's private motivations set off the chain of events that led to Anh's and Ho's deaths.

9

capacity (other than a bare allegation that she does not have immunity[27]). *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face). And the complaint is devoid of allegations that plausibly support the extraordinary claim that private citizens, a county attorney, two counties, and numerous police officers conspired to kill a legal resident of the United States.

Finally, one might reasonably ask how Plaintiffs have standing to pursue claims under the Georgia Fair Business Practices Act based on the inadvertent disclosure of their ***counsel's*** social security number.[28] The complaint provides a surprising answer: Counsel supposedly assigned his claims relating to that disclosure to Plaintiffs.[29] It isn't clear that Georgia law permits such an assignment.[30] More crucially, the transaction between Plaintiffs and their counsel

---

[27] ECF 1, ¶ 7.

[28] As alleged in the complaint, the judge in the 2018 state-court action noted that Gwinnett admitted its failure to redact the social security number was inadvertent. *Id.* ¶ 232.

[29] ECF 1, ¶ 243.

[30] Plaintiffs cite O.C.G.A. §§ 44-12-22 and -24 as the basis for the assignment. O.C.G.A. § 44-12-24 does not allow the assignment of rights of action for personal torts, which are torts "involving an injury to the person, to the reputation, or to feelings, as distinguished from an injury or damage to real or personal property, which is a property tort," *Villanueva v. First Am. Title Ins. Co.*, 313 Ga. App. 164, 168 (2011), *superseded on other grounds by statute*, O.C.G.A.

may run afoul of the Georgia Rules of Professional Conduct and improperly make counsel a necessary witness in this litigation. *See, e.g.*, Ga. R. Prof. Conduct 1.8(a) ("A lawyer shall neither enter into a business transaction with a client if the client expects the lawyer to exercise the lawyer's professional judgment therein for the protection of the client . . . ."), 3.7 ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where . . . (3) disqualification of the lawyer would work substantial hardship on the client."), 3.7[1] ("Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.").

Despite these significant and obvious problems, on balance, the Court finds that the best course here is to permit Plaintiffs leave to amend. Leave is to be freely granted and Plaintiffs have alleged enough facts that their claim that Anh and Ho died because of the conduct of Gwinnett's and DeKalb's police officers is not obviously futile. Prohibiting amendment might permanently bar Plaintiffs' claims against the soon-to-be identified individual officers who were involved in the standoff, hardly a just result given the preliminary stages of this litigation. Further, the problems the Court has identified are not all well-suited to sua sponte

§ 44-12-24. While the answer is not immediately clear, Georgia may treat a claim under the Fair Business Practices Act related to the disclosure of a social security number as a non-assignable personal, rather than property, tort.

Case 1:23-cv-03800-SDG   Document 12   Filed 08/08/24   Page 12 of 13

resolution on a Rule 15 motion. They would be better addressed on full briefing.[31]

Since the Court will permit Plaintiffs leave to file an amended complaint, they are

free to allege additional facts supporting their claims. Defendants will, of course,

be able to raise their defenses in their response to the amended pleading.

### B.    Service

Although Plaintiffs have not yet served the named Defendants, they sought

an extension of time to do so before the expiration of the 90-day period prescribed

by Rule 4(m).[32] They asked for a brief amount of additional time so that they could

file an amended complaint naming the Doe Defendants and effect service on all

Defendants.[33] Under these facts, the Court concludes that there is good cause to

extend Plaintiffs' time to serve all Defendants.

## IV.    Conclusion

Plaintiffs' motion to join additional Defendants and for an extension of time

to effect service [ECF 6] is **GRANTED**. Within seven days, Plaintiffs are

**ORDERED** to file an amended complaint that, consistent with this Order, omits

---

[31]   This is especially true for defenses that may be available to Defendants, such
as qualified immunity, official immunity, and sovereign immunity.

[32]   Plaintiffs have pointed to no support for their contention that the Clerk refused
"without a legal basis" to issue summonses to the Doe Defendants [ECF 6, at
2] when the pleading does not describe them with such particularity that their
names would have been surplusage. *Richardson*, 598 F.3d at 738.

[33]   ECF 6, at 3–4.

all scandalous and irrelevant allegations. Within 30 days thereafter, Plaintiffs are **ORDERED** to effect service on all named Defendants consistent with Fed. R. Civ. P. 4 and to include a copy of this Order with the service materials. Defendants shall have 30 days after service to respond to the amended complaint.

Because Plaintiffs will file an amended pleading, the motion to dismiss filed by Defendants Huyen Nguyen and Vivian Nguyen [ECF 7] is **DENIED without prejudice**.

**SO ORDERED** this 8th day of August, 2024.

Steven D. Grimberg
United States District Judge